UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III,<br><br>    Petitioner,<br><br>v.<br><br>W.J. SULLIVAN,<br><br>    Respondent. | Case No.: 1:20-cv-01270-KES-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND, ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 33, 40 |

      Petitioner Relmon H. Davis, III is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 19, 2025, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the Court decline to issue a certificate of appealability. Doc. 33. Those findings and recommendations were served upon all parties and contained notice that any objections were to be filed within fourteen (14) days after service.

      Petitioner filed objections on June 5, 2025. Doc. 34. Four days later, petitioner filed a notice of appeal to the Ninth Circuit. Doc. 35. While his appeal remained pending, petitioner filed a second set of objections to the findings and recommendations. Doc. 38. On July 21, 2025,

1 the Ninth Circuit dismissed petitioner's appeal for lack of jurisdiction.  Doc. 39.  On August 5,
2 2025, petitioner filed a motion to amend his petition to include a claim of ineffective assistance of
3 appellate counsel.  Doc. 40.  Respondent filed an opposition to the motion to amend.  Doc. 41.
4        The Court first addresses petitioner's motion to amend his petition.  Petitioner seeks to
5 add a claim of ineffective assistance of appellate counsel based on appellate counsel's alleged
6 failure to challenge the trial court's exclusion of petitioner's evidence as unauthenticated.
7 Doc. 40 at 2.  Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so
8 requires."  Fed. R. Civ. P. 15(a)(2).  However, "denying leave is not an abuse of discretion if it is
9 clear that granting leave to amend would have been futile."  *Lathus v. City of Huntington Beach*,
10 56 F.4th 1238, 1243 (9th Cir. 2023) (internal quotation marks omitted).
11        Amendment to include the ineffective assistance of appellate counsel claim would be
12 futile.  To succeed on an ineffective assistance of appellate counsel claim, petitioner must show
13 (1) his "counsel acted unreasonably in failing to discover and brief a merit-worthy issue"; and (2)
14 "a reasonable probability that, but for appellate counsel's failure to raise the issue, petitioner
15 would have prevailed in his appeal."  *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010).
16 As the magistrate judge observed in the findings and recommendations, the evidence petitioner
17 sought to admit in no way establishes that the underlying convictions used to support his
18 sentencing enhancement had been overturned or were facially invalid.  *See* Doc. 33 at 14.  Thus,
19 the exclusion of the evidence was not a merit-worthy issue and appellate counsel did not perform
20 deficiently in failing to raise the claim.  Because this conclusion renders petitioner's ineffective
21 assistance claim meritless, amendment would be futile.  Accordingly, leave to amend would be
22 futile.
23        The Court now turns to petitioner's objections to the findings and recommendations.  In
24 his initial objections, petitioner simply lists various authorities without argument as to how they
25 apply to his case or show any error in the findings and recommendations.  *See* Doc. 34.  In his
26 second set of objections, petitioner renews his challenges to the prior convictions used to enhance
27 his sentence rather than to the actual conviction that is the subject of the petition.  *See* Doc. 38.
28 This argument was correctly addressed by the findings and recommendations, and the Court need

Case 1:20-cv-01270-KES-HBK    Document 44    Filed 09/15/25    Page 3 of 3

1  not revisit it here.

2  Consistent with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court ORDERS:

1. Petitioner's motion to amend, Doc. 40, is DENIED.
2. The findings and recommendations issued on May 19, 2025, Doc. 33, are ADOPTED in full.
3. The petition for writ of habeas corpus, Doc. 1, is DENIED.
4. The Court declines to issue a certificate of appealability.
5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   September 14, 2025

UNITED STATES DISTRICT JUDGE

3